LAW OFFICES

**WEISS, SAVILLE & HOUSER, P.A.**
1105 N. MARKET STREET
SUITE 200
P. O. BOX 370
WILMINGTON, DELAWARE 19899

MICHAEL WEISS

YVONNE TAKVORIAN SAVILLE

MEGHAN BUTTERS HOUSER

TELEPHONE
(302) 656-0400

FAX
(302) 656-5011

April 26, 2018

Re: Monolithic Power Systems, Inc. v. Intersil Corporation

Robert Travisano, Esquire
Epstein Becker & Green, P.C.
150 College Road West, Suite 301
Princeton, NJ 08540

John D. Esterhay, Esquire
Perkins Coie, LLP
11988 El Camino Real
Suite 350
San Diego, CA 92130

Dear Counsel:

Thank you for your briefs and arguments associated with the April 24, 2018 hearing. Given the expedited nature of the case, my Order will be brief. Defendant Intersil moves to partially strike the errata of Monolithic's 30(b)(6) witness, Mr. Rohan Samsi or in the alternative, reopen Mr. Samsi's deposition at Monolithic's expense.

On March 22, 2018, counsel for Monolithic submitted an errata sheet from Mr. Samsi's deposition with the proposed change (change in bold):

> Q. Just to be clear, Mr. Samsi. What evidence do you have, and please tell me right now, that Mr. Dobelstein ever saw the MPS Issue PowerPoint.
>
> A. **Direct** Evidence?
>
> Q. Correct.
>
> A. I don't have any.

See March 22, 2018 errata sheet at Line 6. It is Monolithic's position that at the end of Mr. Samsi's testimony, when he was asked if he had any "evidence", Mr. Samsi interpreted the question to be referring to direct evidence as opposed to the circumstantial evidence that he had spent a good part of his deposition describing. Once he reviewed the deposition testimony pursuant to Rule 30(e), Mr. Samsi submitted the errata sheet in question.

Intersil argues that Monolithic is attempting to substantively change Mr. Samsi's testimony. Intersil relies on *EBC, Inc. v. Clark Bldg. Sys.*, 618 F.3d 253 (3d cir. 2010)(quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322 (W.D. La. 1992)) for its holding that a deposition errata should not be permitted where it proposes "substantive changes that materially contradict prior deposition testimony." *Id.* at 268. Intersil opposes the change on the basis that no reasonable or adequate explanation has been offered by Monolithic for it.

Intersil submits that when an affidavit contradicts earlier testimony without an adequate explanation, the deposition erratas should be closely examined under the "sham affidavit" doctrine as set forth in *Donald M. Durkin Contr., Inc.*, 2006 U.S. Dist. LEXIS 68221. In evaluating whether an affidavit is a "sham affidavit," the courts may consider: (1) "whether the affiant was cross-examined during her earlier testimony"; (2) "whether the affiant had access to the pertinent evidence at the time of her earlier testimony or whether the affidavit was based on newly discovered evidence"; and, (3) "whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Id*. at 14. Intersil maintains that the Samsi errata sheet fails all these criteria.

In opposition to Intersil's motion, Monolithic argues that the single correction to Mr. Samsi's deposition is consistent with pages of prior deposition testimony he provided on the same day of his deposition in response to questions posed by Intersil's counsel. Monolithic also submits that the proposed change is consistent with MPS's responses to Intersil's interrogatories on the same subject matter that the deponent himself verified, as well as testimony from other MPS witnesses.

Monolithic also relies on *EBC, Inc.* for the proposition that a "flexible approach" is one the Third Circuit favors on deposition erratas. *EBC* at 267. Under that standard, substantive changes may be introduced if they do not "squarely contradict earlier testimony materially bearing on the case." *Novak v. Somerset Hosp.*, No. 07-CV-304, 2011 WL 13130849, at *1(W.D. Pa. Mar. 29, 2011)(quoting *EBC*, 618 F.3d. at 268). Monolithic points out that even where proposed changes might contradict deposition testimony, erratas will not be stricken if the changes are "(1) sufficiently justified, (2) truly reflective of the deponent's original testimony or (3) warranted by other 'fact sensitive' circumstances." *Id.* (citing *EBC*, 618 F.3d. at 270).

Here, Monolithic maintains that the clarifying correction is appropriate because it is not contradictory to Mr. Samsi's prior testimony but rather, is consistent with pages of deposition testimony he gave on circumstantial evidence at the same deposition. In further support of its position that the change is proper, Monolithic cites to several cases where changes that might appear to be contradictory are explicable based on a broader context of deposition testimony. *See, e.g.*, *Veolia Water Sols. & Techs. N. Am., Inc. v. Aquatech Int'l Corp.*, 123 F.Supp.3d 695 (W.D. Pa. 2015); *Sivolella v. AXA Equitable Life Ins. Co.*, No. 11-4194 PGS, 2015 WL 4461583 (D.N.J. July 21, 2015); *USAA Cas. Ins. Co. v. Metro. Edison Co.*, No. 1:12-CV-1178, 2014 WL 3534946 (M.D. Pa. July 16, 2014). I find these cases persuasive to the facts of this matter. The proposed change will be permitted.

Having considered the arguments as set forth in the briefs and at the time of the hearing, I am denying Intersil's motion to strike the errata of Rohan Samsi.

Page 3
April 26, 2018

      In the alternative, Intersil submits that if the motion is denied, the deposition of Mr. Samsi be reopened at Monolithic's expense which will allow them to cross-examine Mr. Samsi on the circumstances surrounding the proposed change. I am denying that request as I do not think "good cause" has been established under Rule 16(b). *Am. Axle & Mfg., Inc. v. Neapco Holdings, LLC*, No. CV 15-1168-LPS, 2017 WL 3888228, at *4 (D. Del. Sept. 6, 2017). Further, it is a drastic remedy that would undoubtedly alter the trial scheduling order.

                                                   YVONNE TAKVORIAN SAVILLE
                                                   Special Master

Date: 4/26/18