IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC. : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> INTERSIL CORPORATION, : <br> : <br> Defendant. : | C.A. No. 16-1125-LPS <br> **UNSEALED** <br> **11/21/2018** |

## MEMORANDUM ORDER

WHEREAS, Special Master Yvonne Takvorian Saville issued an order ("Order") (D.I. 177), dated April 26, 2018, denying Defendant Intersil Corporation's ("Intersil") motion to strike the errata sheet of Plaintiff Monolithic Power Systems, Inc.'s ("MPS") 30(b)(6) corporate representative, Mr. Rohan Samsi, or in the alternative, to reopen the deposition of Mr. Samsi at MPS's expense;

WHEREAS, on May 17, 2018, Intersil objected to the Order (D.I. 180) ("Objections");

WHEREAS, on May 29, 2018, MPS responded to Intersil's Objections (D.I. 184) ("Response");

WHEREAS, the Court has considered the parties' Objections and Response *de novo*, *see* Fed. R. Civ. P. 53(f)(3)-(4);[1]

NOW THEREFORE, IT IS HEREBY ORDERED that:

---

[1] It is likely that the Objections should be viewed as raising a procedural matter, which is reviewed for abuse of discretion. Because the Court's decision would be the same under any standard of review, and because the parties do not address the standard of review, the Court will apply *de novo* review.

1

      1.      Intersil's Objections (D.I. 180) are OVERRULED and Special Master Saville's Order (D.I. 177) is ADOPTED.

      2.      MPS sued Intersil for, *inter alia*, defamation and misappropriation of trade secrets, in large part based on Intersil's disclosure of a PowerPoint presentation entitled "MPS Issue," that allegedly contains MPS trade secrets, to Mr. Shui Ng of Microsoft, an MPS customer. (*See* D.I. 36 at 1-2; D.I. 184 at 1)

      3.      Following Intersil's deposition of Mr. Samsi, he submitted an errata sheet that added the word "direct" to the following testimony, noting the reason as "clarifying correction:"

> Q.    Just to be clear, Mr. Samsi. What evidence do you have, and please tell me right now, that Mr. Dobelstein ever saw the MPS issue PowerPoint?
>
> A.    **[Direct]** Evidence?
>
> Q.    Correct.
>
> A.    I don't have any.

(D.I. 184 Ex. 1 at 85:8-14; Ex. 2) Intersil argues that (1) the errata sheet "fails to provide an explanation for the proposed change," (2) the "proposed change fails to satisfy the Third Circuit's 'sham affidavit' test," and (3) the proposed change "impermissibly alters the meaning of counsel for Intersil's question." (D.I. 180 at 5) (internal emphasis omitted)

      4.      In this context, "clarifying correction" is an adequate explanation. The Third Circuit has held that a deponent "need only provide some reason to clear [Federal Rule of Civil Procedure] Rule 30(e)'s procedural hurdle." *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 266 n.13 (3d Cir. 2010). The Court has also considered Mr. Samsi's declaration providing additional explanation ("clarifying that [he] understood the question at the time to be referring to

'direct evidence,' as opposed to the circumstantial evidence [he] had just spent hours testifying about"). (D.I. 184 Ex. 13) *See also Veolia Water Sols. & Techs. N. Am., Inc. v. Aquatech Int'l Corp.*, 123 F Supp. 3d 695, 705 (W.D. Pa. 2015) (reviewing additional explanation in deponent's declaration).

     5.    Intersil argues that the correction "is merely an attempt to save this case from inevitable summary judgment by radically altering the substance of Mr. Samsi's testimony" and, therefore, the correction should be stricken pursuant to the "sham affidavit" doctrine. (D.I. 180 at 7) MPS counters, correctly, that under the Third Circuit's "flexible approach" – "where any substantive changes may be introduced 'to the extent they do not squarely contradict earlier testimony materially bearing on the case'" – Mr. Samsi's errata is proper because it "is consistent with the pages and pages of deposition testimony he previously gave on circumstantial evidence at the same deposition, as well as MPS's responses to Intersil's interrogatories concerning the same subject matter, which were verified by Mr. Samsi." (D.I. 184 at 7) (emphasis omitted) (quoting *Novak v. Somerset Hosp.*, 2011 WL 13130849, at *1 (W.D. Pa. Mar. 29, 2011) (internal quotation marks omitted))

     6.    Intersil's argument that Mr. Samsi's correction inappropriately alters the meaning of the question being asked by Intersil's counsel (*see id.* at 9-10) is without merit as, in fact, the correction clarifies the deponent's ***understanding*** of the question and the meaning of the deponent's answer.

Accordingly, the Court will adopt the Special Master's decision denying Intersil's motion to strike the errata and denying Intersil's alternative request to reopen Mr. Samsi's deposition.

As this Order is being issued under seal, the parties shall meet and confer and, ***no later than Tuesday, November 20, 2018***, submit a proposed redacted version. Thereafter, the Court will issue a public version of its Order.

November 19, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE