IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC. : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 16-1125-LPS |
| : | **UNSEALED** |
| INTERSIL CORPORATION, : | **11/21/2018** |
| : | |
| Defendant. : | |

## MEMORANDUM ORDER

WHEREAS, Special Master Yvonne Takvorian Saville issued an order ("Order") (D.I. 181), dated May 21, 2018, granting Plaintiff Monolithic Power Systems, Inc.'s ("MPS") motion for a protective order to prevent disclosure of MPS's Confidential Business Information to Defendant Intersil Corporation's ("Intersil") expert, Edward Stanford;

WHEREAS, on June 12, 2018, Intersil objected to the Order (D.I. 188) ("Objections");

WHEREAS, on June 22, 2018, MPS responded to Intersil's Objections (D.I. 191) ("Response");

WHEREAS, the Court has considered the parties' Objections and Response *de novo*, *see* Fed. R. Civ. P. 53(f)(3)-(4);[1]

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.  Intersil's Objections (D.I. 188) are OVERRULED and Special Master Saville's

---

[1] It is likely that the Objections should be viewed as raising a procedural matter, which is reviewed for abuse of discretion. Because the Court's decision would be the same under any standard of review, and because the parties do not address the standard of review, the Court will apply *de novo* review.

1

Order (D.I. 181) is ADOPTED.

2.  Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), the Court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." The party who wishes to obtain a protective order must demonstrate that "good cause" exists. Fed. R. Civ. P. 26(c)(1). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks omitted). Courts generally afford more protection to proprietary technical information than to ordinary business information due to the threat of serious economic injury resulting from disclosure to competitors. *See Tailored Lighting, Inc. v. Osram Sylvania Prods., Inc.*, 236 F.R.D. 146, 148 (W.D.N.Y. 2006); *Digital Equipment Corp. v. Micro Tech., Inc.*, 142 F.R.D. 488, 490 (D. Colo. 1992); *Safe Flight Instrument Corp. v. Sundstrand Data Control Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988). Courts have broad discretion is granting protective orders. *See Digital Equipment*, 142 F.R.D. at 490-91.

3.  MPS argues that Mr. Stanford's current consulting relationships with MPS's direct competitors creates good cause for a protective order. (*See* D.I. 191 at 4-6) Intersil admits that Mr. Stanford currently consults with Alpha & Omega Semiconductor ("AOS"), a "close competitor" of MPS. (D.I. 191-1 at 7) AOS directly competes with MPS in connection with products at issue in this case. (*See* D.I. 191 at 5) Mr. Stanford also recently consulted for Fairchild (now ON Semi), which competed for the same Lenovo business as MPS and Intersil. (*See id.* at 6) There is a risk that he would conflate the knowledge he learned from confidential information disclosed to him in this case with knowledge he possesses from his consulting work

in current and future dealings with MPS's competitors.  *See Safe Flight*, 682 F. Supp. at 22 (doubting human ability to separate applications extrapolated from party's confidential information from those developed as one's own ideas).

4. Here, "the risk of economic injury from even non-deliberate disclosure by an individual with scientific expertise of confidential scientific information belonging to a competitor warrant[s] the entry of th[is] more restrictive protective order," even at the cost of depriving Intersil of its preferred choice of expert.  *Tailored Lighting*, 236 F.R.D. at 148 (internal citation omitted).  Nor does the Court find clear error in the Special Master's acceptance of MPS's position "that the relevant technical field is full of other highly qualified experts."  (D.I. 181 at 3)[2]

As this Order is being issued under seal, the parties shall meet and confer and, ***no later than Tuesday, November 20, 2018***, submit a proposed redacted version.  Thereafter, the Court will issue a public version of its Order.

November 19, 2018  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

[2] The Court further denies Intersil's request for a stay to allow Intersil to pursue an interlocutory appeal because the issue will not advance the ultimate termination of the litigation.  *See* 28 U.S.C. § 1292(b).