IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC. | : |
| Plaintiff, | : |
| v. | : C.A. No. 16-1125-LPS |
| INTERSIL CORPORATION, | : **UNSEALED** |
| | **11/21/2018** |
| Defendant. | : |

## MEMORANDUM ORDER

WHEREAS, Special Master Yvonne Takvorian Saville issued an order during a hearing ("Order") (D.I. 190), dated June 12, 2018, denying Plaintiff Monolithic Power Systems, Inc.'s ("MPS") motion "to compel Intersil to produce all non-privileged e-mail returned by agreed-upon search terms/custodians without conducting a 'relevance review;'"

WHEREAS, on July 6, 2018, MPS objected to the Order (D.I. 197) ("Objections");

WHEREAS, on July 16, 2018, MPS responded to Intersil's Objections (D.I. 200) ("Response");

WHEREAS, the Court has considered the parties' Objections and Response for abuse of discretion, *see* Fed. R. Civ. P. 53(f)(5); *Callwave Communs. LLC v. AT&T Mobility LLC*, 2016 U.S. Dist. LEXIS 78278, at *6 (D. Del. June 16, 2016); *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 2015 U.S. Dist. LEXIS 53835, at *5 (D. Del. Apr. 24, 2015),

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. MPS's Objections (D.I. 197) are OVERRULED and Special Master Saville's Order (D.I. 190) is ADOPTED.

2. The parties describe in detail a lengthy series of events leading up to the present dispute, each characterizing that chronology differently. (*Compare* D.I. 197 at 2-7 *with* D.I. 200 at 1-7) MPS points the Court to a March 23, 2018 order, which found Intersil's relevance review deficient and ordered the expanded production of emails from the June-December 2016 period. (D.I. 197 at 4) MPS asserts that Intersil has continued to hide e-mails from production, particularly emails MPS characterizes as critical to its defamation claims. (*See id.* at 8-9) MPS further argues that "[t]he Special Master committed clear error by refusing to extend her March 23, 2018 order compelling the production of all non-privileged e-mail returned by custodians/search terms in the November 10-22, 2016 period to December 31, 2016." (*Id.* at 7)

3. Intersil responds that the "the special master's order is consistent with this Court's February 21, 2017 decision limiting the scope of discovery." (D.I. 200 at 8) Intersil points out that Special Master's decision was predicated on not going "outside the distinction between the public versus the non-public that's set forth in [the Court's] prior order." (D.I. 190 at 29) Intersil adds that the Special Master's decision did not prejudice MPS as she simultaneously granted other relief sought by MPS. (D.I. 200 at 8)

4. The Court sees no abuse of discretion in the Special Master's decision. Given the Court's distinction between public and non-public information (i.e., whether information critical of MPS was derived from a public or non-public source), it was not unreasonable for the Special Master to refuse to compel Intersil to produce all emails that contained certain search terms.

5. Accordingly, the Court adopts the Special Master's decision denying MPS's "motion to compel Intersil to produce all non-privileged e-mail returned by agreed-upon search terms/custodians without conducting a 'relevance review.'"

As this Order is being issued under seal, the parties shall meet and confer and, *no later than Tuesday, November 20, 2018*, submit a proposed redacted version. Thereafter, the Court will issue a public version of its Order.

November 19, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE