IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC. : <br><br> Plaintiff, : <br><br> v. : <br><br> INTERSIL CORPORATION, : <br><br> Defendant. : | C.A. No. 16-1125-LPS <br> **UNSEALED** <br> **11/21/2018** |

## MEMORANDUM ORDER

WHEREAS, Special Master Yvonne Takvorian Saville issued an order during a hearing ("Order") (D.I. 206), dated August 23, 2018, denying Defendant Intersil Corporation's ("Intersil") motion to disqualify Monolithic Power Systems Inc.'s ("MPS") expert and to bar him from further access to confidential Intersil information;

WHEREAS, on September 13, 2018, Intersil objected to the Order (D.I. 209) ("Objections");

WHEREAS, on September 24, 2018, MPS responded to Intersil's Objections (D.I. 215) ("Response");

WHEREAS, the Court has considered Intersil's Objections and MPS's Response for abuse of discretion, *see* Fed. R. Civ. P. 53(f)(5); *Callwave Communs. LLC v. AT&T Mobility LLC*, 2016 U.S. Dist. LEXIS 78278, at *6 (D. Del. June 16, 2016); *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 2015 U.S. Dist. LEXIS 53835, at *5 (D. Del. Apr. 24, 2015), as they relate to the procedural matter of implementation of the Court's protective order,

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.      Intersil's Objections (D.I. 209) are OVERRULED and Special Master Saville's Order (D.I. 206) is ADOPTED

2.      Intersil requests that the Court order either (a) cross-examination of MPS's technical expert, Joseph McAlexander, III, "about his repeated failure to comply with the expert disclosure requirements contained in the March 29, 2017 Stipulated Protective Order" ("Protective Order") or (b) that McAlexander be barred "from further access to confidential Intersil information, and disqualify[ing] him as an expert in this case for failure to make the required disclosures." (D.I. 209 at 1)

3.      The March 29, 2017 Protective Order requires any party sharing confidential information with an expert to provide, among other things, "[a]n identification of each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years." (*Id.* at 2) In accordance with this order, MPS initially submitted a 25-page curriculum vitae ("C.V.") for its expert, which omitted "names of the customers to whom Mr. McAlexander provided technical consulting services" and other information believed necessary by Intersil. (*Id.* at 2-3) Subsequent investigation revealed to Intersil that Mr. McAlexander provided technical consulting beyond that described on his C.V. (*Id.* at 3) Following oral argument, the Special Master ordered McAlexander to provide a sworn declaration with the missing information. (*Id.* at 4) Intersil alleges that, in response to this order, "rather than disclosing the actual clients for whom Mr. McAlexander's various consulting firms performed work, Mr. McAlexander merely *listed his own consulting companies as his clients*." (*Id.* at 5)

4.       MPS responds that the only arguable omission Intersil has identified is of a software company that was inadvertently omitted from McAlexander's supplemented work history, but this omission was immaterial because the company is not a competitor of Intersil's and the company was always listed on the C.V. provided to Intersil. (D.I. 215 at 4-6) Further, Intersil's objection was untimely under the Protective Order, as it was raised more than 10 days after MPS disclosed the expert to Intersil. Finally, Intersil is purportedly not prejudiced anyway, as Mr. McAlexander has already accessed Intersil's confidential information in a prior trade secret case against Intersil. (*Id.* at 7-9)

5.       The Court agrees with the Special Master's denial of Intersil's request to disqualify Mr. McAlexander. Intersil has failed to show that its objection to the sharing of its confidential information with McAlexander was timely. It has also failed to show that it is prejudiced, since McAlexander had already accessed Intersil's confidential information in an earlier litigation.

6.       The Court additionally finds no abuse of discretion in the denial of Intersil's request for a supplemental deposition of Mr. McAlexander.[1]

As this Order is being issued under seal, the parties shall meet and confer and, ***no later than Tuesday, November 20, 2018***, submit a proposed redacted version. Thereafter, the Court will issue a public version of its Order.

November 19, 2018  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

[1] The Court's ruling is without prejudice to Intersil's ability to bring a *Daubert* motion directed to Mr. McAlexander at the appropriate time. (*See* D.I. 206 at 64).

3