### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC. : <br><br> Plaintiff, : <br><br> v. : <br><br> INTERSIL CORPORATION, : <br><br> Defendant. : | C.A. No. 16-1125-LPS <br> UNSEALED <br> 11/21/2018 |

### MEMORANDUM ORDER

WHEREAS, Special Master Yvonne Takvorian Saville issued an order during a hearing ("Order") (D.I. 206), dated August 23, 2018, denying Plaintiff Monolithic Power Systems, Inc.'s ("MPS") "motion to compel Intersil to produce all non-privileged e-mail and text messages returned by agreed-upon search terms/custodians – which Intersil has suggested is not more than 13,000 documents – without conducting a 'relevance review;'"

WHEREAS, on September 18, 2018, MPS objected to the Order (D.I. 210) ("Objections");

WHEREAS, on September 28, 2018, MPS responded to Intersil's Objections (D.I. 220) ("Response");

WHEREAS, the Court has considered the parties' Objections and Response for abuse of discretion, *see* Fed. R. Civ. P. 53(f)(5); *Callwave Communs. LLC v. AT&T Mobility LLC*, 2016 U.S. Dist. LEXIS 78278, at *6 (D. Del. June 16, 2016); *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 2015 U.S. Dist. LEXIS 53835, at *5 (D. Del. Apr. 24, 2015),

NOW THEREFORE, IT IS HEREBY ORDERED that:

1

1.      MPS's Objections (D.I. 210) are OVERRULED and Special Master Saville's Order (D.I. 206) is ADOPTED

2.      MPS contends: "Special Master Saville committed clear error in her August 23, 2018 denial of MPS's motion to compel Intersil to produce all non-privileged e-mail and text messages returned by agreed-upon search terms/custodians." (D.I. 210 at 1) MPS suggests that since its prior motion on this same issue (D.I. 197), "Intersil produced an email attachment that further confirms how Intersil is using its inappropriately narrow 'relevance review' to withhold discovery about the scope of its misappropriation of MPS's trade secrets." (D.I. 120 at 1) MPS observes that compliance would entail only 13,000 hits and would not be burdensome, adding that it would be willing to pay the costs of production. (*Id.* at 7)

3.      Intersil responds that this motion is nearly identical to the previous objection filed by MPS on July 6, 2018 (*see* D.I. 197), with the only difference being Intersil's subsequent production of the "Competitive Analysis PowerPoint" and accompanying datasheet. (D.I. 220 at 1-2) Intersil further contends that the documents at issue "were never withheld as a result of a relevance review" but, instead, the email attachment was inadvertently not produced until MPS brought the oversight to Intersil's attention, upon which it was immediately provided. (*Id.* at 2) Intersil adds that its ability to ultimately locate the "PowerPoint at issue -- in the possession of a non-custodian -- speaks to the thoroughness of its internal investigation." (*Id.* at 5)

4.      The Court finds that the Special Master did not abuse her discretion by denying MPS's motion. MPS has not demonstrated such weaknesses in Intersil's document production as would warrant an expanding and/or reopening of discovery.

As this Order is being issued under seal, the parties shall meet and confer and, ***no later than Tuesday, November 20, 2018***, submit a proposed redacted version. Thereafter, the Court will issue a public version of its Order.

November 19, 2018  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE