IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC. | : |
| Plaintiff, | : |
| v. | : C.A. No. 16-1125-LPS |
| | : **UNSEALED** |
| INTERSIL CORPORATION, | : **11/21/2018** |
| Defendant. | : |

### MEMORANDUM ORDER

WHEREAS, Special Master Yvonne Takvorian Saville issued an order during a hearing ("Order") (D.I. 218), dated September 12, 2018, denying Monolithic Power Systems Inc.'s ("MPS") motion to compel Defendant Intersil Corporation ("Intersil") to supplement its interrogatory responses;

WHEREAS, on October 1, 2018, MPS objected to the Order (D.I. 221) ("Objections");

WHEREAS, on October 11, 2018, Intersil responded to MPS's Objections (D.I. 226) ("Response");

WHEREAS, the Court has considered the parties' Objections and Response for abuse of discretion, *see* Fed. R. Civ. P. 53(f)(5); *Callwave Communs. LLC v. AT&T Mobility LLC*, 2016 U.S. Dist. LEXIS 78278, at *6 (D. Del. June 16, 2016); *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 2015 U.S. Dist. LEXIS 53835, at *5 (D. Del. Apr. 24, 2015),

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. MPS's Objections (D.I. 221) are OVERRULED and Special Master Saville's Order (D.I. 218) is ADOPTED.

2.  The parties' dispute relates to Intersil's interrogatory responses concerning revenues and profits from its relationships with certain customers. MPS argues the interrogatories pertain to "basic revenue and profit information for Intersil's Vcore products" and insists the Special Master already granted its requested relief in her August 23 ruling. (D.I. 221 at 1) MPS moves for production of "a per-month description of the sales volume, revenue, costs (separately identifying each cost), profit, and customers" for the so-called "Impacted Customers," defining these customers as "Microsoft, Arista, Google, Gigabyte, Lenovo, HPI, HPE, Dell, AsusTek, Compal, Inventec, Pegatron, Quanta, Wistron, Supermicro, and any other entity with which Intersil has shared MPS Information." (*Id.* at 3 & n.1) MPS contends that it "needs this information for its unjust enrichment damages calculation, or it will be forced to solely rely on the testimony of Intersil's/Renesas's VP/head of worldwide sales Roger Wendelken about Intersil's Vcore revenues and profits, which is less precise than the actual data Intersil maintains." (*Id.* at 4-5)

3.  Intersil responds that the Special Master did not address this dispute in the August 23 hearing, as MPS did not present any argument on it, but only first dealt with it – and denied it – on September 12. (*See* D.I. 225 at 2) (citing August 23 Transcript, D.I. 206 at 31-32) Intersil also contends that the requested discovery "would necessitate significant delay and expense" which is unwarranted, given that MPS "failed to establish any reasonable basis" for naming 15 "impacted customers." (*Id.* at 5) To Intersil, MPS identifies 10 of these customers based solely on an out-of-context mention by an Intersil witness, and for the other five customers Intersil "has already produced sufficient discovery." (*Id.* at 6-7) Further, MPS has prepared and served a damages report, which "contradicts MPS's contention that it requires the information demanded in Interrogatories 16, 26, and 28 in order to calculate damages." (*Id.* at 8)

2

4.   The Court finds no abuse of discretion in the denial of MPS's motion to compel. The Special Master did not change her earlier ruling by denying this request; and even if she had, it would have been within her discretion to do so. Given the burden that would be imposed by ordering further production, as well as issues of confidentiality and the dearth of evidentiary support for MPS's position, the discovery MPS asks the Court to compel is disproportionate to the needs of this case. Accordingly, the Court adopts the Special Master's decision denying MPS's motion to compel "revenue and profit information for Intersil's Vcore products." (D.I. 221 at 1)

As this Order is being issued under seal, the parties shall meet and confer and, *no later than Tuesday, November 20, 2018*, submit a proposed redacted version. Thereafter, the Court will issue a public version of its Order.

November 19, 2018  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE