IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC. | : |
| Plaintiff, | : |
| v. | : C.A. No. 16-1125-LPS |
| | : **UNSEALED** |
| INTERSIL CORPORATION, | : **11/21/2018** |
| Defendant. | : |

## MEMORANDUM ORDER

Pending before the Court is Intersil Corporation's ("Defendant" or "Intersil") motion to dismiss for spoliation of evidence. (D.I. 223) Plaintiff Monolithic Power Systems Inc. ("MPS" or "Plaintiff") has sued Intersil for violating the Defend Trade Secrets Act of 2016, and also presses state law claims for defamation, trade secret misappropriation, tortious interference, unfair competition, and violation of the Delaware Deceptive Trade Practices Act. (D.I. 36) ("Compl.") The parties have brought numerous discovery disputes before this Court and before the Court's appointed Special Master. (*See, e.g.*, D.I. 47, 76, 111, 126, 153, 172, 173, 177, 190, 218)

Having reviewed the briefing on Defendant's motion (D.I. 224, 230, 232), **IT IS HEREBY ORDERED THAT** Defendant's motion (D.I. 223) is **DENIED**.

1. "Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv. Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). "[A] finding of bad faith is pivotal to a spoliation determination." *Id.* at 79

2. Federal Rule of Civil Procedure 37(e), as revised by the December 1, 2015 amendments, "specifically addresses the applicability of sanctions for spoliation of electronically stored information [("ESI")]." *Accurso v. Infra-Red Servs., Inc.*, 169 F. Supp. 3d 612, 618 (E.D. Pa. 2016). Pursuant to Rule 37(e),

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>>
>> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>>
>>> (A) presume that the lost information was unfavorable to the party;
>>>
>>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>>
>>> (C) dismiss the action or enter a default judgment.

"'An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation,' and a court is 'not require[d] . . . to adopt any of the measures listed in subdivision (e)(2)' if 'lesser measures such as those specified in subdivision (e)(1) would be sufficient to redress the loss.'" *GN Netcom, Inc. v. Plantronics, Inc.*, 2016 WL 3792833, at *5 (D. Del. July 12, 2016) (quoting 2015 Advisory Comm. Notes to Rule 37(e)).

3. If the Court finds spoliation, it will determine an appropriate sanction considering "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994). A finding of prejudice requires a party to "come forward

2

with plausible, concrete suggestions as to what the lost evidence might have been" and a showing that its loss "materially affect[ed] the substantial rights of the adverse party and is prejudicial to the presentation of the case." *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 481 (D. Del. 2012) (internal quotation marks omitted). Where evidence was destroyed in bad faith, "the burden shifts to the spoliating party to show lack of prejudice. A bad faith spoliator carries a heavy burden to show lack of prejudice because [a] party who is guilty of intentionally [destroying] documents . . . should not easily be able to excuse the misconduct by claiming that the vanished documents were of minimal import." *Micron Tech., Inc. v. Rambus Inc.*, 917 F. Supp. 2d 300, 319 (D. Del. 2013) (internal quotation marks omitted).

4. Intersil argues that MPS spoliated two types of evidence: (1) working copies of pre-September 15, 2016[1] versions of the products at issue, MPS's MP86905 and MP2955 product lines; and (2) instant messages between employees of MPS and Microsoft alerting the MPS employee of the allegedly misappropriated material at issue. (D.I. 224 at 1-2)

5. Intersil has failed to prove spoliation occurred for the pre-September 15, 2016 products. Intersil argues: "[t]he product samples are relevant to MPS's trade secret claims because, if they were still available, they could be tested, and the waveforms in the MPS Issue PowerPoint could be easily replicated." (*Id.* at 14) Intersil also alleges that the products are relevant to MPS's defamation claim, because testing these products could prove that MPS did not effectively fix the burning problem, making the at-issue statements of Intersil true and, therefore, not defamatory. (*Id.*) MPS counters that Intersil is conflating two different product

---

[1] This is the date that MPS claims the burning defect in its product was corrected with a simple programming fix. (*See* D.I. 232 at 1)

3

lines, the S- and H-Lines, and misunderstands the relationship between the issues that needed to be fixed, how they were fixed, and the at-issue statements by Intersil. (*See* D.I. 230 at 17-19)

6. The Court agrees with MPS that the products sought by Intersil would have little, if any, relevance to the claims that must be resolved in this case. The distinction between the S- and H-Line products, their respective problems and fixes, and Intersil's statements support this conclusion.

7. In any case, Intersil's motion fails with respect to the products also because there has been no actual suppression or withholding of evidence. Intersil asks the Court to make a "reasonable" inference that MPS destroyed the product samples, but it fails to provide evidence to support such a finding. The Court agrees with MPS that it was not required that to archive old versions of its product in anticipation of litigation that was not at that time reasonably foreseeable. (D.I. 230 at 18) As MPS notes, "[t]he date referenced by Intersil (September 15, 2016) was almost three months before MPS first became aware of Intersil's misconduct on November 30, 2016." (*Id.*) Additionally, the products were not "destroyed" but, instead, were shipped for sale, and may still exist (e.g., at Supermicro). (*Id.* at 19) Intersil's failure to seek discovery of them from third parties further undermines its motion.

8. Intersil's motion with respect to WeChat messages also must be denied. Intersil has not disproven MPS's representation that the WeChat messages were "deleted in the ordinary course of business, prior to MPS's legal department becoming aware of the issue." (D.I. 230 at 14) The record does support Intersil's contention that an MPS employee, Mr. Qian Li, knew the messages he received were significant enough to forward to his supervisor, Jinghai Zhou, who knew enough to forward them to the legal department. (D.I. 224 at 11-12) And this suit was brought less than a week later. Even so, Intersil has failed to establish a predicate for its

4

spoliation claim because, again, there is no evidence that the messages were deleted for any reason other than in the ordinary course – and consistent with apparent industry practice – to conserve limited space on employees' phones. (D.I. 230 at 10) (citing Ex. 34 at 9-10) There is no evidence any message was deleted after anyone associated with MPS reasonably anticipated litigation to which the messages would be relevant.

9. Another problem with Intersil's motion is that it could have sought, but did not seek, the substance of the messages from other sources, which appear to have been available. "Intersil did not, for example, notice for deposition MPS's Qian Li or Jinghai Zhou at any point during the pendency of fact discovery," nor did it "subpoena Microsoft Mobile's Shiu Ng (or anyone at Microsoft) during fact discovery, by which it could have accessed a copy of the WeChat text message if it remained in Microsoft's possession." (D.I. 230 at 15) Intersil responds that it was not interested in MPS employees' "self-serving accounts of the communications at issue [which] would have been no substitute for the communications themselves," and that it "is under *no obligation* to subpoena Shiu Ng -- the Microsoft employee." (D.I. 232 at 8) (emphasis added) That may be so. However, under the record on which Intersil has chosen to predicate its motion, it has failed to show that the "missing" evidence "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(c).

As this Order is being issued under seal, the parties shall meet and confer and, *no later than Tuesday, November 20, 2018*, submit a proposed redacted version. Thereafter, the Court will issue a public version of its Order.

November 19, 2018  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

5