IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC. | : |
| Plaintiff, | : |
| v. | : C.A. No. 16-1125-LPS |
| INTERSIL CORPORATION, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

WHEREAS, Special Master Yvonne Takvorian Saville issued an order during a hearing ("Order") (D.I. 255-1 Ex. 10), dated October 31, 2018, granting Monolithic Power Systems Inc.'s ("MPS") motion to compel the deposition of Defendant Intersil Corporation's ("Intersil") employee Paul Sferrazza and denying Intersil's motion to compel production of documents;

WHEREAS, on November 21, 2018, Intersil objected to portions of the Order (D.I. 248 at 2-3) ("[T]his Court should not adopt the Special Master's decisions (1) compelling the deposition of Paul Sferrazza, (2) compelling additional fact discovery with respect to Paul Sferrazza, and (3) denying MPS's motion to compel complete responses to its document demands.") ("Objections");

WHEREAS, on December 3, 2018, MPS responded to Intersil's Objections (D.I. 255) ("Response");

WHEREAS, the Court has considered Intersil's Objections and MPS's Response for abuse of discretion, *see* Fed. R. Civ. P. 53(f)(5); *Callwave Communs. LLC v. AT&T Mobility LLC*, 2016 U.S. Dist. LEXIS 78278, at *6 (D. Del. June 16, 2016); *Fairchild Semiconductor*

*Corp. v. Power Integrations, Inc.*, 2015 U.S. Dist. LEXIS 53835, at *5 (D. Del. Apr. 24, 2015), as they relate to procedural matters;[1]

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Intersil's Objections (D.I. 248) are OVERRULED and Special Master Saville's Order (D.I. 255-1 Ex. 10) is ADOPTED.

2. At the October 31, 2018 telephonic hearing, the Special Master granted MPS's motion to depose Paul Sferrazza, Intersil's Vice President and General Manager of Engineering, and denied Intersil's "motion seeking to compel MPS to provide documents concerning MPS's removal of MPS data sheets from the internet." (D.I. 248 at 2; *see also* D.I. 255 at 2) The Court finds no abuse of discretion in either ruling.

3. The deposition of Paul Sferrazza is relevant because (allegedly) "Mr. Sferrazza's design team was both responsible for designing Intersil's digital Vcore solution for mobile products, as well as incorporating MPS's Vcore technology into such products." (D.I. 255 at 3-4) (citing Ex. 7 at 103-04) Intersil contends that MPS is only seeking to depose Mr. Sferrazza on Intersil's alleged reverse engineering of MPS's product (*see* D.I. 248 at 3-5), MPS's claim extends beyond reverse engineering to misappropriation, as MPS explains (*see* D.I. 255 at 4-5) (citing D.I. 36 ¶¶ 40-46), and the requested deposition appears to go beyond reverse engineering. Nor is the requested discovery untimely. MPS only became aware of Mr. Sferrazza's potential use of MPS trade secrets at the September 26, 2018 deposition of Jia Wei (a 30(b)(6) witness who said he did not have the requested information and identified Mr. Sferrazza as someone who might) and, thereafter, timely noticed Mr. Sferrazza for deposition. (D.I. 255 at 2, 6) It was not an abuse of discretion to allow Mr. Sferrazza to be MPS's 11th deponent and 10th document

---

[1] The Court also discerns no error of law or fact in the Special Master's order.

custodian or to allow MPS to extend the date range of relevance to all periods in which the allegedly misappropriated materials may have been used.

4. The Special Master acted within her discretion in denying Intersil's motion to compel MPS to produce "all documents related to any MPS datasheets." (D.I. 255 at 8) (internal brackets and quotation marks omitted) The Court agrees with the Special Master that Intersil's request relates to "hundreds of products," which the Special Master was free to find to be unduly burdensome and disproportionate to the needs of the case, even if one accepts Intersil's argument that how MPS maintains (all of) its data sheets is potentially probative of whether they are truly trade secrets. As Intersil points out, it will have a 30(b)(6) deposition of MPS regarding its removal from the internet of supposedly "confidential" data sheets (*see* D.I. 248 at 9), which will allow Intersil to pursue this contention. Still, it was not an abuse of discretion to limit the scope of discovery into data sheets, particularly given that MPS claims to protect them (at times) as trade secrets. (*See* D.I. 255 at 8-9)

As this Order is being issued under seal, the parties shall meet and confer and, ***no later than Wednesday, February 13, 2019,*** submit a proposed redacted version. Thereafter, the Court will issue a public version of its Order.

February 12, 2019  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE