IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONOLITHIC POWER SYSTEMS, INC. | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 16-1125-LPS |
| INTERSIL CORPORATION, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court are the following motions: (1) Plaintiff Monolithic Power Systems, Inc.'s ("Plaintiff" or "MPS") motion to join as a defendant Renesas Electronics Corporation ("REC") (D.I. 233) and (2) Defendant Intersil Corporation's ("Defendant" or "Intersil") motion to stay discovery and compel service on REC (D.I. 245).

**IT IS HEREBY ORDERED** that Plaintiff's motion (D.I. 233) is **GRANTED** and Defendant's motion (D.I. 245) is **DENIED**.

1. MPS has sued Intersil for violating the Defend Trade Secrets Act of 2016 as well as for defamation, trade secret misappropriation, tortious interference, unfair competition, and violations of the Delaware Deceptive Trade Practices Act. (D.I. 36) ("Compl.") The parties have been extremely litigious, both in front of the undersigned Judge and the Court's appointed Special Master. (*See, e.g.*, D.I. 47, 76, 111, 126, 153, 172, 173, 177, 190, 218, 221, 223, 229, 235) In the latest motions, MPS alleges that Intersil has transferred its litigation interest to Renesas Electronics America, Inc. ("REA"), and seeks to substitute REA and also join REA's parent, REC. (*See* D.I. 234, 250) Intersil opposes MPS's motion (D.I. 247) and, separately,

1

seeks to stay discovery and compel service on REC (D.I. 246, 258), which MPS opposes (D.I. 257).

2. Federal Rule of Civil Procedure 25(c) provides: "[i]f an interest is transferred, [an] action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Because "joinder or substitution under Rule 25(c) does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case, a Rule 25(c) decision is generally within the district court's discretion." *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993). "A 'transfer of interest' in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit." *Id.* In examining a Rule 25(c) motion, the Court must first analyze "the respective rights and liabilities among the parties and the transferee under the substantive law governing the case," and then must determine "whether it would best facilitate the conduct of the case to have the transferor remain in the case, substitute the transferee, or join the transferee and continue with both as parties." 6 James Wm. Moore, et al., Moore's Federal Practice § 25.34[3] (3d ed. 2011). "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. Proc. 25(a)(3); *see also id.* R. 25(c).

3. The parties agree on the following facts. During the pendency of this case, in February 2017, Intersil was acquired by REC, which resulted, on January 1, 2018, in the reorganization and renaming of Intersil as REA, a wholly-owned subsidiary of REC. (D.I. 247 at 3) In conjunction with these transactions, John Chuang and Joe Chou – former employees of Intersil Ltd., a wholly-owned Taiwan-based subsidiary of the former Intersil Corp. – were

2

transferred to Renesas Electronics Taiwan Co., Ltd. ("RET"), a wholly-owned subsidiary of REC. (*Id.*) MPS contends that Dr. Chou, now an employee of RET, is an important witness because he "misappropriated confidential MPS datasheets." (D.I. 234 at 1) Although Intersil previously produced Mr. John Chuang, who testified that he works for RET, Intersil now claims it cannot produce Mr. Chou, who also works for RET and has the same job title as Mr. Chuang. (D.I. 234 at 2) (citing Ex. 16 at 9) "On October 17, 2018, the Special Master denied MPS's motion to compel the deposition of Dr. Chou." (*Id.* at 1)

4. The Court is persuaded that Intersil transferred an interest in this case to REA, which is a wholly-owned subsidiary of REC. (*See, e.g.*, D.I. 234-1 Ex. 20 at 11 (deposition testimony of Roger Wendelken, Rule 30(b)(6) witness for both Intersil and REC, that "Intersil is officially Renesas Electronics Corporation when you look at all the entities")) Hence, ***substitution*** of REA, as the direct successor to Intersil, is appropriate.[1] Additionally, ***joinder*** of REC is also appropriate because "Intersil['s] various entities were merged into [REC's] various entities" and a key witness and alleged tortfeasor, Dr. Chou, is now employed by RET, one of REC's subsidiary entities. (*See* D.I. 234 at 9) (citing Ex. 20 at 11).

5. The Court finds MPS's motion to be timely. It was filed immediately after Intersil successfully opposed the production of a key witness; that is, immediately after MPS learned that joinder was required to simplify the litigation and permit MPS to obtain necessary and relevant evidence. As MPS persuasively explains, Intersil's conduct – including its handling of the deposition of Mr. Chuang, who has at all relevant times been identically-situated to Dr. Chou (admittedly, it appears, by Intersil), that is, both were once employees of Intersil Ltd. and

---

[1] It is not entirely clear if Defendant objects to REA being named as a defendant. Either way, the Court finds it is appropriate to do so, for the reasons explained.

now are employees of RET – gave MPS every reason to believe that it could obtain all reasonable and necessary discovery without having to substitute or join any additional parties.[2]

6. Service on REC was proper under Rule 4(f)(3) because service was made on counsel who has represented REC in this litigation.[3] It was also proper because REA is general manager for REC capable of accepting service pursuant to California law. (*See* D.I. 250 at 4-5) (citing authorities) Having reached the conclusions announced today, Intersil's request for a stay appears to be moot – and, to the extent it remains ripe, the Court finds a stay to be unwarranted.

7. Intersil's opposition is largely predicated on the contention that MPS is engaged in "a thinly-veiled attempt at veil piercing," as MPS is purportedly trying "to use Federal Rule of Civil Procedure 25(c) to pierce the corporate veil between Defendant Intersil Corp. and its new Japanese corporate parent," REC. (D.I. 247 at 1) The Court agrees with MPS that "piercing the corporate veil" is "not the legal question under Rule 25(c), which only seeks to ensure the true transferee of interest is named as a party, a substantively different question from whether a parent is liable for a subsidiary." (D.I. 250 at 9-10; *see also Rodriguez-Miranda v. Benin*, 829

---

[2] Defendant contends that "Defendant Intersil Corp. could not be compelled to produce an employee [e.g., Dr. Chou] of its wholly-owned subsidiary [i.e., Intersil Ltd.] for a deposition." (D.I. 247 at 10) MPS responds that while "REC cannot be compelled to produce [an] employee of its wholly-owned subsidiary *if* REC is not a defendant in the case . . . the fact that some of Intersil's business interests (especially the critical ones in Taiwan that are directly tied to MPS'[s] claims in this litigation) were subsequently transferred to REC (from Intersil [Corp.], before it was allegedly renamed to REA) is exactly why REC must be joined as the proper transferee of Intersil's interest under Rule 25(c)." (D.I. 250 at 8) The Court agrees with MPS, for the reasons explained by MPS. (*See id.*; *see also* D.I. 250-1 Ex. 32 at 1-3)

[3] (*See* D.I. 250 at 1 ("[G]iven the opposition does not dispute REC *has* already appeared in this litigation and submitted to the jurisdiction of this Court, service of REC through its attorneys was proper."); *see also Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 176 (10th Cir. 1992) ("[An entity] may not halfway appear in a case, giving plaintiff and the court the impression that [it] has been served, and later pull failure of service out of the hat like a rabbit.") (internal quotation marks omitted))

F.3d 29, 41 (1st Cir. 2016) ("[A] successor theory – as opposed to veil piercing or alter ego theories – is properly 'within the ambit' of Rule 25(c).'"))

As this Order is being issued under seal, the parties shall meet and confer and, ***no later than February 13, 2019,*** submit a proposed redacted version. Thereafter, the Court will issue a public version of its Order.

February 12, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE